| NONPRECEDENTIAL DISPOSITION |
| --- |
| To be cited only in accordance with Fed. R. App. P. 32.1 |

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 15, 2022[*]
Decided September 15, 2022

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

THOMAS L. KIRSCH II, *Circuit Judge*

CANDACE JACKSON-AKIWUMI, *Circuit Judge*

No. 22-1522

| | |
| --- | --- |
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. |
| *v.* | No. 1:07-cr-00166-SEB-KPF |
| JOSHUA NEUBERT, *Defendant-Appellant.* | Sarah Evans Barker, *Judge.* |

## O R D E R

Joshua Neubert, a federal prisoner, appeals the denial of his second motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). In this motion, he argued that he had shown extraordinary and compelling reasons for release based on (1) a change

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. Fed. R. App. P. 34(a)(2)(C).

in the law under which he was sentenced and (2) his progress toward rehabilitation. We affirm.

Neubert first moved for compassionate release in 2019—11 years into his 32-year sentence for brandishing a firearm during and in relation to a crime of violence. *See* 18 U.S.C. § 924(c). He relied on an amendment to § 924(c) made by Congress in the First Step Act of 2018 that reduced the statutory mandatory sentences for some defendants with multiple § 924(c) convictions. *See* Pub. L. No. 115-391, § 403, 132 Stat. 5194, 5221–22 (2018). Under the amendment, he argued, he would not face the 25-year minimum if sentenced today. The court denied the motion because the amendment did not apply retroactively to defendants sentenced under an earlier version of § 924(c).

In 2020, Neubert moved a second time for release, renewing his argument about the amendment to § 924(c) and arguing that his rehabilitative progress while in prison presents an extraordinary and compelling basis for relief. The district court denied this motion, stating (again) that the changes to § 924(c) were non-retroactive and that Congress has expressly precluded granting compassionate release on the basis of rehabilitation alone. *See* 28 U.S.C. § 994(t).

Neubert sought reconsideration, repeating many of his same challenges. The district court denied this request too. The court invoked our holding in *United States v. Thacker*, 4 F.4th 569, 576 (7th Cir. 2021), that an argument about non-retroactive sentencing changes can never by itself establish an extraordinary and compelling reason for release under § 3582(c)(1)(A)(i). And without the change to § 924(c), Neubert was left only with his rehabilitation as an extraordinary and compelling reason for relief—an argument the court said it had already rejected.

On appeal, Neubert argues that a later decision of the Supreme Court, *Concepcion v. United States*, 142 S. Ct. 2389, 2404 (2022), confirms that *Thacker* should not prevent a change in the law from qualifying as extraordinary and compelling. *Concepcion* held that "the First Step Act allows district courts to consider intervening changes of law or fact in exercising their discretion to reduce a sentence pursuant to the First Step Act." *Id*.

But we are reviewing the denial of a compassionate release motion under § 3582(c)(1)(A), not a resentencing decision under the First Step Act. In *Concepcion*, the Court distinguished the two, noting that Congress—in the context of compassionate release—"imposed express statutory limitations" that cabin the exercise of judicial discretion. 142 S. Ct. at 2401. Our discretion remains confined by the limits set by

Congress, and we decline to interpret § 3582(c)(1)(A) inconsistently with Congress's decision to make its amendment to § 924(c) apply only prospectively. *See United States v. Peoples*, 41 F.4th 837, 842 (7th Cir. 2021). Similarly, nothing in *Concepcion* calls into question our decision in *Thacker*. As we recently stated, "[w]e take the Supreme Court at its word that *Concepcion* is about the matters that district judges may consider when they resentence defendants…[and not] the threshold question whether any given person has established an `extraordinary and compelling' reason for release." *United States v. King*, 40 F.4th 594, 596 (7th Cir. 2022). In other words, *Concepcion* "does not alter [our] understanding" that the prospective amendments to § 924(c) are not an extraordinary and compelling reason for release. *Id.*

Relatedly, Neubert's rehabilitative efforts alone are not a basis for release under § 3582(c)(1)(A). *Peoples*, 41 F.4th at 842; 28 U.S.C. § 994(t). The district court did not abuse its discretion arriving at this conclusion.

AFFIRMED